## Caldwell *vs* Wright.

### ERROR TO THE CLINTON CIRCUIT.

*Slander.  Pleading.  Practice.  New trial.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

THE words alledged to have been spoken by the defendant, and for which this action of slander was brought, are as follows, viz: "He (meaning the plaintiff,) swore to a lie to get a continuance at the April term of said Court, 1844;" and in another count, "you (meaning the plaintiff,) swore a lie in the application for a continuance of said suit at the April term of said Court, 1844." The inducement and colloquium stated in the declaration, sufficiently apply the words to the oath taken by the plaintiff, in the Wayne Circuit Court, at its April term, 1844, on his motion for the continuance of an action of ejectment then pending against him in said Court. And as by the act of 1814, (2 *Stat. Law*, 1290,) a false oath wilfully and corruptly taken in such a proceeding, is punishable by confinement in the penitentiary, there is no doubt that words importing a charge of false swearing in the application for a continuance, are actionable: *Ramey* vs *Thornberry*, (5 *B. Monroe*, 475.) Whether the words as alledged in the last count are sufficient of themselves, without a colloquium to import a false swearing in a judicial proceeding, may be somewhat doubtful. But there being a

CASE.

*Case 132.*

*July 24.*

Case stated and pleadings.

CALDWELL
vs
WRIGHT.

colloquium in that count also, which makes it certainly sufficient, it is unnecessary to decide this point.

Assuming that a colloquium was necessary to sustain the last as well as the first count, it was incumbent on the plaintiff, on the trial of the issue of not guilty, to prove by the record the pendency of the suit referred to, and the motion for a continuance as alledged, although the defendant in his special plea, on which there was also an issue, had admitted, and indeed averred these facts. And the failure to make such proof might properly be a ground of non-suit, unless other inferior evidence of the fact were admitted without objection, or on other sufficient ground. Whether the evidence actually before the jury was sufficient to prove that the motion for a continuance had been made as averred, we consider as being now immaterial.

The Court, after instructing the jury to find as in case of a non-suit, set aside the verdict found in obedience to that instruction, upon affidavits tending to show the belief of the defendant and his counsel, that the record was in the possession of a witness in Court, and to excuse their failure to produce it, and their ignorance of its not being in possession of the witness, (the Clerk of the Wayne Circuit Court,) who was supposed to have brought it as directed. And although these affidavits might not be deemed sufficient to authorize this Court to grant a new trial if it had been refused by the Circuit Court, they are deemed sufficient to sustain the decision of that Court in favor of a new trial, which only opened the case for a fair and full investigation upon the merits. We should not, on the ground that a new trial had been granted after the first verdict, reverse a judgment rendered on a second verdict after a fair and full trial, and direct a judgment to be rendered on the first, unless there was a flagrant abuse of discretion in granting the new trial. As there was no such abuse of discretion in the present case, this objection to the judgment under revision is unavailable. There being no statement of the evidence on the last trial, the presumption is, that there was no error in that trial, nor in the verdict.

*This Court will sometimes refuse to reverse a judgment granting a new trial, where there has been afterwards a full and fair trial, and the party at whose instance it was granted, has been successful, when this Court upon the ground made out, would not have reversed for refusal to grant a new trial.*

But we are of opinion that the defendant was im-
properly deprived of the ground of defence set up in
his second plea by the sustaining of the demurrer to
that plea.   The fifth plea, on which issue was taken,
does not cover the same ground, and the error of ad-
judging the second plea insufficient, was substantially
prejudicial.   That plea sufficiently states that the oath
alledged to have been made by the plaintiff on his mo-
tion for a continuance therein referred to, was wilfully
and corruptly false.   And although it leaves blank the
day and year on which the motion is alledged to have
been made, this furnishes no presumption that a differ-
ent day was intended from that referred to in the decla-
ration, (and in the words intended to be justified by the
plea;) but the presumption is that the plea refers to the
same day, and the defendant would not be allowed, on
an issue formed on a traverse of the plea, to prove a
false oath on a different day.   But besides this, the plea,
after setting out the statement made by the plaintiff
under oath, on his motion for a continuance in the
Wayne Circuit Court, on the —— day of ———, and
averring its falsity, &c., goes on to say that the defend-
ant, speaking of said statement of the plaintiff so made,
spoke the words in the declaration mentioned, as law-
fully he might, &c., which is the same grievance, &c.
And as the words thus admitted, make express refer-
ence to the April term, 1844, we think this averment
that the words were spoken in reference to the false
oath alledged in the plea itself, does confine the time of
taking the false oath to the time mentioned in the words
themselves, and thus removes any ambiguity which
might otherwise exist in the plea.   We are, therefore,
of opinion that the demurrer to this plea should have
been overruled.

The third and fourth pleas are not so explicit as the
second, and the matter of the third seems to be substan-
tially included in the fifth.   Each of these pleas, after
stating the oath of the plaintiff and showing its false-
hood, proceeds immediately to say, "which is the same
grievance complained of in the declaration, and not
other and different, wherefore the defendant spoke the

CALDWELL
*vs*
WRIGHT.

A plea of justifi-
cation in slan-
der adjudged
good.

words," &c., making the plaintiff's own oath and its falsehood, the grievance complained of, and omitting the averment that the words were spoken in reference to the oath stated in the plea. We would not say that it is impossible to deduce, by any construction of the pleas, an orderly and clear statement of the facts intended to be relied on. But it being, at best, exceedingly doubtful whether the discrepancy pointed out in the fourth plea, between the facts as alledged to exist, and as alledged to have been stated on oath by the plaintiff, would suffice to establish the offence of false swearing as denounced by the act of 1814, and the matter of the third plea being substantially covered by the fifth and the issue thereon, there is no sufficient ground for any attempt to rescue these pleas from the obscurity and confusion which characterize them.

But for the error of sustaining the demurrer to the second plea, the judgment is erroneous—is reversed and the cause remanded, with directions to overrule said demurrer and for further proceedings.

*B. & A. Monroe* and *B. Y. Owsley* for plaintiff; *J. & W. L. Harlan, S. Williams* and *Fox* for defendant.